IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2066-F

KEITH JAMES SEARS, )
)
    Petitioner, )
)
v. ) ORDER
)
SUSAN WHITE, )
)
    Respondent. )

This matter is before the court on several motions filed by petitioner, Keith James Sears, a state inmate challenging his conviction and sentence pursuant to pursuant to 28 U.S.C. § 2254. On June 15, 2012, the court entered an order pursuant to its initial review of the petition under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules"). Petitioner has filed a number of motions, including three motions to appoint counsel [D.E. # 3, 30, & 53], two motions which he characterizes as motions to "amend" his habeas corpus petition [D.E. # 9 & 25], two motions for discovery [D.E. # 4 & 44], a motion requesting summary judgment [D.E. # 19], and a "Motion for Arrest Warrant(s), by the United States Marshal" [D.E. # 16]. Petitioner's motions are ripe for ruling.

I.    Petitioner's Motions for Appointment of Counsel.

Petitioner seeks appointment of counsel for assistance in proving his claim that his conviction

is the result of a confusing, fantastic conspiracy.[1] Petitioner's memorandum in support of his first motion to appoint counsel makes this clear.

> The writ of Habeus alleges that the petitioner's criminal trial was tactfully delayed until the 2008-09 Presidential Election year and against all request(s) for a Fast and Speedy Trial. The petitioner was held in pretrial, "Segregation," for UnConstitutional lengths of time, under cruel condition(s) of Confinement, and he was harrassed for nearly 22 months before suddenly, and finally going to trial immediately after the Obama Election, which was Israel's 60th year of ratification. The petitioner was then sent to "Tabor" Correctional, which by definition of the Strong's Concordance means, Israel, to ill, make fragile, new Birth.
>
> Tabor was opened during the Obama Election. (King James Bible/Judges 4:12, mentions "both" Barak and Tabor in the same verse).
>
> The petitioner clearly shows that his trial was delayed as a tactical devise and for the purpose of Corporate gain during Termination of Partnerhships betwixt third persons, impairment of Con-tract(s), and the rights of stockholders which caused a man made recession to the Cross/Stockmarket.
>
> The delay in trial was tactical, for the purpose of Israel's 60 year ratification and to secure economical stability of the government during impairment to the "Cross" by using the overlappoing powers of JACOB and Israel during impairment, to withdraw troops absent war, and coining the JACOBUS. (Gold rose after this election)., (1973 War powers resolution Act). The State of N.C. has abused the Separation of Powers Act and have further denied the petitioner his Constitutional Rights to Speedy Trial, Impartial Jury, Effective Councel and Due Process under the 14th Amendment(s) provision(s), as well as the irreversible once ratified (ERA) Amendment.).
> . . .
> The sole "Fact" that all current political events surround and support the petitioner's allegation(s), and that all such "FACTUAL" allegation(s) can be discovered in media and through the study of LAW and History, do support complications which support the appointment of Councel.

---

[1] In its prior order, the court briefly described the challenges posed in this case by "petitioner's adamant belief in a fanciful conspiracy which is too bizarre and convoluted to be explained or faithfully summarized" within the confines of a simple order allowing the case to proceed. Order [D.E. # 15] 1 n.1. Nevertheless, the court found, because the petition arguably articulated more coherent and sensible claims in isolated instances, the State should be required to respond to such claims. Id.

Pet'r's Supp. Mem. [D.E. # 3-2] 1-4. Petitioner's third, and most recent, "motion" requesting appointment of counsel continues in this vein. See Pet'r's Mot. [D.E. # 53] 3 ("I have proven that there is corruption in the Courts in forms of inside slave tradeing and racketeering. I am asking this court for the appointment of "effective legal councel.""). In his other "motion," petitioner appears to seek appointment of counsel to assist in two separately filed civil actions. See Pet'r's Mot. [D.E. # 30] 3 ("I am asking for your assistance in this matter(s). If the Court will not make any such order, then I ask the Court to make an ORDER to reappoint legal councel, especially for case No. 5:11-ct-3208-FL.").

There is no constitutional right to counsel in habeas corpus cases. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). However, pursuant to 18 U.S.C. § 3006A(a)(2)(B), the court may appoint counsel in a habeas corpus case if it determines that "the interests of justice so require." Having reviewed the petition, respondent's motion for summary judgment, and petitioner's various filings, the court finds that there are no grounds warranting the extraordinary measure of the appointment of counsel at this time. Likewise, the court finds that any counsel appointed by the court would likely be constrained by professional ethics and the rules of court from presenting petitioner's bizarre claims of conspiracy, which are at the core of his case.[2] In other words, if petitioner wishes to persist in arguing that his conviction is the result of a conspiracy which has been revealed to him through extraneous details and perceived connections between the 60th anniversary of Israel's "ratification,"

---

[2] Indeed, petitioner himself notes that in several instances his retained and/or appointed attorneys have refused to present his claims as he articulates them in the petition. See, e.g., Pet. [D.E. # 1] 3 ("The Court and my trial attorneys have fabricated my trial and all stick together to obstruct JUSTICE. I also had a friend to pay two attorneys to review my case. They refuse to file these grounds just as my appellate attorney did as well. It's best to file this Habeus where Corporate Corruption is apparent.").

3

"Jacobus" coins, the election of the President of the United States, and the names of prison facilities, etc., then he will be required to make such claims without the assistance of counsel. Accordingly, the interests of justice do not require the appointment of counsel at this time, and petitioner's motions are due to be denied.

II.     Petitioner's Motions To Amend

Petitioner has filed two motions ostensibly seeking amendment of his petition. The first motion is styled "Motion to Amend Exhibit(s) of Evidence in Writ of Habeus 2254 Motion" [D.E. # 9]. The second is styled "Motion to Take Leave to File an Amendment to the Habeus Corpus" [D.E. # 25]. Both motions seek only to supplement the exhibits petitioner filed with his original petition. They do not seek to actually amend the allegations or claims presented in the petition.

In general, there is no requirement that a petitioner present exhibits in support of his petition. To the extent petitioner intends that his exhibits provide support for any argument for or against a motion seeking summary disposition of this case, petitioner may rely upon all such exhibits filed to this point, without the need for amending his habeas corpus petition. See Fed. R. Civ. P. 56(c)(1)(A). Accordingly, to the extent petitioner's motions seek only to supplement the exhibits which he has thus far filed in support of his petition, the motions are due to be granted. However, because neither motion seeks to amend the actual content of the petition, no amendment of the petition will be permitted.

III.    Petitioner's "Motion for Arrest Warrant(s), by the United States Marshal."

Petitioner has also filed a document styled as a "Motion for Arrest Warrant(s), by the United States Marshal and Declaration" [D.E. # 16]. In the motion, petitioner accuses certain persons, including witnesses from his criminal trial, the trial judge, his trial attorney, and others, of crimes

4

including "(1) Treason (2) Murder (3) Attempted Murder (4) Perjury (5) False Imprisonment (6) Racketeering [and] (7) other charges as determined by the Court as proper and fit." Pet'r's Mot. [D.E. # 16] 1. The motion then meanders through various elements of petitioner's conspiracy theories concerning his conviction before finally requesting the "arrests of all persons involved in this case." Id. at 5. Petitioner's motion is frivolous and vexatious and will be denied.

IV. Petitioner's "Motion for Summary Judgment, 28 U.S.C. 2254, Habeus Corpus, FRCP, Rule 56, and FRCP, Rule 11."

On June 27, 2012, less than two weeks after the court entered its order allowing his case to proceed, and before the petition had been served on respondent, petitioner filed a motion styled as a "Motion for Summary Judgment, 28 U.S.C. 2254, Habeus Corpus, FRCP, Rule 56, and FRCP, Rule 11" [D.E. # 19]. This motion is premature, has been superseded by petitioner's subsequently-filed "Motion for Summary Judgment by the Petitioner, FRCP Rule 56, Habeus Corpus Review, Rules 5 and 11" [D.E. # 42] on October 30, 2012, and, upon review, is without merit.[3] Accordingly,

---

[3] Petitioner's first motion for summary judgment is mostly conclusory and reliant upon his assertion of a multitude of "facts" which even he admits were not in the record before the state courts. This court is not permitted to decide any claim subject to review under 28 U.S.C. § 2254(d) on the basis of facts that were not before the state courts. See Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). Likewise, petitioner fails to address his arguments to the fundamental inquiry before the court–whether the state court decisions denying his federal habeas claims were contrary to or an unreasonable application of Supreme Court precedent, or whether such decisions were based upon an unreasonable determination of the facts in the record before the state courts. Instead, petitioner's motion mostly just states a respective claim and then lists all the reasons why the "facts," as petitioner construes them, warrant relief. It is not the function of a federal habeas corpus court merely to examine a collection of "facts," some new, some old, some imagined, and determine whether the petitioner is innocent or whether the state court committed error in light of the petitioner's new factual claims. Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011). Finally, most likely because he filed the motion before the respondent was served with the petition, petitioner's motion does not address the many procedural defenses respondent has asserted to his claims, which alone establish the requisite "dispute as to material fact" required to

5

the motion [D.E. # 19] will be denied.[4]

V.   Petitioner's motions for discovery.

Petitioner has field two motions for discovery. The right to conduct discovery in federal habeas corpus proceedings is more limited than that applicable to normal civil actions. Rule 6 of the Habeas Rules provides the authority for a habeas petitioner to conduct discovery with leave of the court. However,

> [u]nlike other civil litigants, a § 2254 habeas petitioner "is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, he must "show good cause before he is afforded an opportunity for discovery." Quesinberry[ v. Taylor, 162 F.3d 273, 279 (1998)]; see also Rules Governing Section 2254 Cases, Rule 6(a), 28 U.S.C. foll. § 2254. A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief. Bracy, 520 U.S. at 908-09; see also Harris v. Nelson, 394 U.S. 286, 290 (1969).

Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009). "Good cause" requires more than a petitioner's conclusory assertion there may be some undiscovered or undisclosed evidence to support his claim. The rules governing discovery in habeas corpus cases do not countenance "a so-called fishing expedition via discovery, an effort to find evidence to support a claim." Borden v. Allen, 646 F.3d 785, 810 n.31 (11th Cir. 2011); see also Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004) (citations and quotations omitted) ("Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations. Conclusory allegations are not enough to warrant discovery under Rule 6; the petitioner must set forth specific allegations of fact.").

---

deny petitioner's motion for summary judgment. See Fed. R. Civ. P. 56(a).

[4] Petitioner's second-filed motion for summary judgment [D.E. # 42], which he filed in conjunction with his response to respondent's motion for summary judgment, is not affected by this ruling and will be considered when the court addresses respondent's motion for summary judgment at a later date.

6

In his first motion [D.E. # 4], petitioner requests entry of a "scheduling order to conduct discovery in accordance to Fed. R. Civ. P. 16," although he also oddly asserts that "he is exempt, with all due respect and blessed assurance, of properly following the RULES of the HONORABLE COURT." Pet'r's Mot. [D.E. # 4] 1. Petitioner explains that his discovery requests "shall include the issuance of court document(s), arrest mug shots, interrogatories, depositions, and the genuine need of a medical expert and mental health expert witness." Id. at 2. Petitioner fails to specifically describe any specific "court documents" which he seeks, he does not provide any examples of interrogatories or upon whom he would serve them, and he does not indicate whom he would seek to depose and why their testimony is necessary for proof of any of his claims. In addition, to the extent petitioner seeks "arrest mug shots," it appears he has already procured those photographs and submitted them to the court. See Ex. 1 to Pet'r's "Motion to Take Leave to File an Amendment to the Habeus Corpus" [D.E. # 25-1]. Finally, to the extent petitioner appears to be requesting the provision of medical or mental health experts, such request is not appropriate within the context of a motion for discovery, as respondent is not responsible for providing such resources or assistance to petitioner and there is no indication that respondent is in possession of any relevant expert witness materials. Accordingly, petitioner's has failed to show the requisite "good cause" in support of his "Motion for Leave to Conduct Discovery for Writ of Habeus 2254" [D.E. # 4], and the motion is due to be denied.

Petitioner's second motion seeking discovery [D.E. # 44] more specifically describes both the materials he seeks and his purpose in requesting them. Petitioner seeks "the release of the following documents or tangible things[:]" "(a) Photographs of the crime scene. (b) Testimony of J.T. Brown. (c) Testimony of the petitioner's witnesses. (d) Phone records for the residence of the

7

victim on Alexwood Drive; the residence of Carl Cummings; and the residence of Mary and James Tankesly. (e) Petitioner's arrest mug shots in full color. (f) medical records from the beating at Central Prison on May 9th-18th, 2010. [and] (g) Interrogatories as attached." Pet'r's Supp. Mem. [D.E. # 44-1] 14. The court will examine whether petitioner has satisfied the "good cause" standard with respect to each of his requests.

Petitioner first requests "photographs of the crime scene," which, he asserts, "would have shown that there were mirrors at both exits of the home and that there would have been no reason for Mr. Sears to go to the back of the home to look at his alleged self inflicted injuries as testified," as well as "that there was no weapons or signs of struggle, glass, etc." Id. 11-12. Petitioner does not provide any reason to believe that the requested photographs exist, and he does not specify which of the claims in his habeas petition this requested discovery would enable him to prove. It appears plaintiff only seeks the photographs in order to undermine or impeach the testimony of witnesses and undermine the jury's fact-finding in convicting him. However, without a corresponding claim for which the photographs would be probative, petitioner's request amounts to the sort of "fishing expedition" which is prohibited in habeas corpus. He therefore cannot show the requisite "good cause" to be entitled to discovery. Moreover, because apparently no such photographs were introduced at trial or during petitioner's MAR proceedings, the court is precluded from considering such evidence while applying § 2254(d)(1) in reviewing the state courts' decisions. See Cullen, 131 S.Ct. at 1401. It is only in the event that the court determines that one of petitioner's claims survives review pursuant to § 2254(d)(1) that the court may then consider new evidence and conduct fact-finding based upon such evidence. Because respondent has asserted that each of petitioner's claims is due to be dismissed on procedural grounds or pursuant to application of § 2254(d), petitioner has

8

not shown "good cause" at this time for the discovery of crime scene photographs which were never entered in the record before the state courts, which he can only speculate even exist, and which, even if they do exist, are of dubious relevance and limited probative value in proving any of his claims.

Petitioner next seeks the "testimonies" of J.T. Brown and several other witnesses who in fact did not testify at trial or in other state court proceedings, yet whom, he asserts, would offer exculpatory testimony on his behalf. Simply put, the court cannot authorize the discovery of any "testimony" which does not already exist because the witness has not previously testified. Thus, petitioner cannot show "good cause" for this requested discovery. Of course, the inability of the court to compel discovery of non-existent "testimony" does not preclude petitioner from obtaining sworn statements, declarations, or affidavits from any of the witnesses he names in his motion and submitting them to the court. However, any such testimonial statements would be subject to the previously discussed limitations imposed by Cullen on this court's consideration of materials that were not presented to the state courts.

Petitioner also seeks phone records for the residences of the victim and other non-testifying persons, which he believes "can prove that the petitioner's mother was on the phone line, that the phone was not ripped from the wall as testified and that the victim's husband did call 5 minutes prior to arrest to threaten the petitioner." Pet'r's Supp. Mem. [D.E. # 44-1] 13. Once again, petitioner does not indicate which of his claims this information would support. Nor does petitioner even allege that these materials are in the possession of respondent, such that they could be subject to an order of discovery in this matter. Rather, it appears he seeks phone records as a means of impeaching trial witness testimony and bolstering his claim of innocence. In any event, for the reasons stated above, the court may not consider phone records which were not before the state

9

courts in determining whether the state courts' decisions denying petitioner's claims were contrary to or an unreasonable application of Supreme Court precedent. Cullen, 131 S.Ct. at 1401. As such, petitioner cannot show good cause for the discovery of such records at this time.

Petitioner next seeks his "arrest mug shots in full color." Pet'r's Supp. Mem. [D.E. # 44-1] 14. As noted above, petitioner apparently has obtained and has already provided to the court copies of mug shot photographs. See Ex. 1 to Pet'r's "Motion to Take Leave to File an Amendment to the Habeus Corpus" [D.E. # 25-1]. These photographs depict petitioner at his booking, include his own apparent annotations, and are in color. Accordingly, it appears this request for discovery is moot.

Petitioner next seeks "medical records from the beating at Central Prison on May 9th-18th, 2010." Pet'r's Supp. Mem. [D.E. # 44-1] 14. Petitioner does not describe how these records could be relevant to the disposition of any claim in the petition. Indeed, any medical records concerning injuries sustained by petitioner in a beating subsequent to his conviction simply cannot have any bearing on a claim asserting the unconstitutionality of petitioner's conviction or sentence, much less whether the state courts' decisions rejecting petitioner's claims on the merits satisfy § 2254(d)(1). Petitioner has not shown "good cause" for the discovery of any medical records.

Petitioner's final request is for the service of interrogatories, supposedly upon non-testifying witness J.T. Brown, "to determine the evidence he used to strike the charges, to support the fact that the petitioner was injured and to impeach the testimony of Deputy Oldenwelder and the victim." Pet'r's Supp. Mem. [D.E. # 44-1] 13. First, petitioner once again fails to explain how any putative interrogatories are relevant to any claim before the court. Second, the proposed interrogatories petitioner has filed, see "Petitioner's Request for Interrogatories, Habeus Corpus, 2254, Perpounded" [D.E. # 45], are not rationally related to the narrow grounds supporting the interrogatories which

petitioner has articulated.[5] Finally, once again the court notes that, in applying § 2254(d)(1), the court is precluded from considering any evidence that was not before the state courts when petitioner's claims were decided, including any response to interrogatories or testimonial statements by a non-testifying witness. Cullen, 131 S.Ct. at 1401. Petitioner has not shown "good cause" for the submission of interrogatories at this time.

In sum, petitioner has failed to show the requisite "good cause" for ordering discovery of any of the materials he has requested in his second motion for discovery. In the event that the court determines that one or more of petitioner's claims survives review under § 2254(d)(1), and that additional fact finding or an evidentiary hearing is in order to resolve petitioner's claims, petitioner may renew his requests for discovery provided that such requests are consistent with the standards governing discovery in habeas corpus cases, as set out in this order.

VI. Conclusion

For all of the foregoing reasons, it is ORDERED as follows:

a. petitioner's motions to appoint counsel [D.E. # 3, 30, & 53] are DENIED;

b. petitioner's motions to amend [D.E. # 9 & 25] are GRANTED only to the extent he seeks to supplement the record with his already-filed additional exhibits in support

---

[5] For example, petitioner seeks information about police officer training and procedures in domestic violence cases, opinion and analysis of his own attorney's argument at trial, speculation about the prosecution's strategy in presenting its case, speculation about why another witness testified as she did, speculation about why the court and petitioner's trial attorney did not object when J.T. Brown did not testify, and analysis and opinion about why petitioner lost on appeal and why his appellate counsel did not make certain arguments on appeal. "Petitioner's Request for Interrogatories, Habeus Corpus, 2254, Perpounded" [D.E. # 45] 1-5. Obviously, although petitioner asserts that his interrogatories may "be used to question J.T. Brown" about the matters identified in petitioner's motion, the vast majority of his proposed interrogatories are could not properly be answered by J.T. Brown or any other witness. Nor are they appropriate for the limited purposes articulated by petitioner in his motion.

of his petition;

c.     petitioner's motions for leave to conduct discovery [D.E. # 4 & 44] are DENIED;

d.     petitioner's "Motion for Arrest Warrant(s), by the United States Marshal" [D.E. # 16] is DENIED; and

e.     petitioner's "Motion for Summary Judgment, 28 U.S.C. 2254, Habeus Corpus, FRCP, Rule 56, and FRCP, Rule 11" [D.E. # 19] is DENIED.

SO ORDERED. This the 25th day of March, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge